**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30171 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00195-WFN |
| v. | |
| DANIEL HERRERA GONZALES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Daniel Herrera Gonzales appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a)(3).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gonzales first contends that the district court procedurally erred by failing to address his argument that his failure to register was motivated by a desire to avoid homelessness. The district court listened to Gonzales's argument and indicated its awareness of the fact that Gonzales was homeless. Notwithstanding that circumstance, the court concluded that an above-Guidelines sentence was warranted, explaining that Gonzales's extensive criminal history indicated that prior sentences had not deterred him and that he posed a danger to the public. On this record, the court's failure to say more was not error. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Gonzales also argues that the sentence is substantively unreasonable because it is based solely on his criminal history, rather than on the instant offense. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court twice noted that, though it was concerned about Gonzales's criminal history, it was sentencing him for his failure to register. The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Gonzales's extensive criminal history, the severity of his previous crimes, and his failure to be deterred by prior sentences. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-30171